IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT RUSSELL, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| FIVE STAR QUALITY CARE, LLC D/B/A THE PALMS AT LAKE SPIVEY | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Robert Russell ("Plaintiff" or "Mr. Russell"), by and through their undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Five Star Quality Care, LLC d/b/a The Palms at Lake Spivey ("Defendant") for violations of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 7, 2021; the EEOC issued its Notice of Right to Sue on May 27, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 et seq., in that he had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding their request for FMLA.

10.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

11.

During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment and is thus covered under the FMLA.

12.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092

## FACTUAL ALLEGATIONS

13.

Plaintiff began working for Defendant on or about June 17, 2016 as a Maintenance Director.

14.

After suffering the trauma of visiting his mother's home with his child and finding her dead body, Plaintiff requested time off from work to deal with the resulting emotional shock.

15.

On September 27, 2020, Plaintiff requested a leave of absence.

16.

On October 15, 2020, Plaintiff completed paperwork requesting a reasonable accommodation of FMLA leave to deal with his trauma and the trauma his minor child was experiencing over witnessing his mother's deceased body.

17.

On November 11, 2020, Plaintiff was diagnosed with major depressive disorder and anxiety and given a treatment plan for 4 weeks. His physician requested a return-to-work date of January 4, 2021.

18.

Plaintiff began to experience the symptoms of major depressive disorder and anxiety immediately following finding his deceased mother.

19.

Plaintiff provided his doctor's note his employer, informing it of his treatment plan and advising it of his two separate diagnoses and requested FMLA leave to complete the treatment plan.

20.

Plaintiff again filled out the paperwork for FMLA leave.

21.

Plaintiff's request for FMLA leave until January 4, 2021, was approved by Nat Watkins, Defendant's Executive Director.

22.

While Plaintiff was out on leave, he continued to communicate with the Defendant and sent them documents from his doctor updating them on his leave, as requested.

23.

However, suddenly, on or about November 27, 2020, Plaintiff received a letter from Watkins and Defendant's Business Office Manager, Janet Lynch, stating that he had resigned his employment because his short-term leave of absence was exhausted on November 26, 2020.

24.

Plaintiff did not resign from his employment. Defendant terminated him.

25.

As a result of his termination, Plaintiff was forced to sell both his car and his home.

26.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act by terminating their employment while they were on medical leave for their own serious health condition.

27.

Defendant retaliated against Plaintiff for requesting medical leave by terminating his employment.

28.

Others outside the Plaintiff's protected class, i.e. employees not needing and/or requesting FMLA leave and those who did not have disabilities, were treated differently.

29.

Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

30.

Plaintiff requested two reasonable accommodations for his disabilities.

31.

At first, Plaintiff requested a leave of absence to recover from the emotional shock of finding his mother's dead body.

32.

Later, after Plaintiff was officially diagnosed with anxiety and depression by his doctor, he requested leave to treat his depression and anxiety.

33.

Defendant failed to even attempt to engage in the interactive process with Plaintiff after his second request before terminating him, even though granting his request or even communicating with him at all would not have been undue hardships.

34.

But for Plaintiff's disability status, request for a reasonable accommodation of the same, or request of and taking of FMLA leave, he would not have been terminated.

35.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e. non-disabled employees, employees

who did not request a reasonable accommodation for their disability and employees who did not request or take FMLA leave.

## CLAIMS FOR RELIEF
## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

### 36.

Plaintiff re-alleges paragraphs 1-35 as if set forth fully herein.

### 37.

Plaintiff has two mental impairments which substantially limits one or more major life activities including but not limited to focusing and working.

### 38.

Plaintiff's two mental impairments affect his neurological system.

### 39.

Plaintiff's mental impairment is a "disability" within the meaning of the ADA, as amended.

### 40.

Defendant was aware of Plaintiff's disability.

### 41.

Defendant regarded Plaintiff as having a disability within the meaning of the ADA, as amended.

42.

Plaintiff has a record of having a disability and perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

43.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

44.

Plaintiff was able to perform the essential functions of his job with temporary short-term or FMLA leave as an accommodation.

45.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

46.

Defendant terminated Plaintiff's employment because of his accommodation requests.

47.

By terminating Plaintiff's employment because of their disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

48.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

49.

Defendant treated other employees outside Plaintiff's protected class differently.

50.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq., 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

51.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

52.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

53.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

54.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

55.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

56.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

57.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

58.

Plaintiff re-alleges paragraphs 1-46 as if set forth fully herein.

59.

Plaintiff requested that Defendant accommodate his disability by requesting leave after he found his mother's corpse.

60.

Plaintiff again requested that Defendant accommodate his disability by requesting further leave.

61.

Upon receiving Plaintiff's second request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding their request for a reasonable accommodation of their disability.

62.

Instead, Defendant refused to provide Plaintiff with a reasonable accommodation of four additional weeks of leave, even though to do so would not impose an undue hardship.

63.

By refusing to accommodate Plaintiff and terminating him instead, Defendant violated the ADA, as amended.

64.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

65.

The effect of the Defendant's conduct, complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected their status as an employee because of their disability.

66.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

67.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

68.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

69.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

70.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

71.

Plaintiff re-alleges paragraphs 1-46 as if set forth fully herein.

72.

Defendant terminated Plaintiff for requesting an accommodation for his perceived or actual disability or for taking approved leave to treat his disability.

73.

Plaintiff's request for an accommodation of his disability or perceived disability and his taking of approved medical leave to treat his disability constitute protected conduct under the ADA, as amended.

74.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his request for an accommodation or their taking of medical leave to treat his disability in trying to not only deal with his mother's death but in finding her dead body.

75.

Defendant terminated Plaintiff's employment within close temporal proximity to Plaintiff's final accommodation request and his taking of leave to treat his disability.

76.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

77.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

78.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

79.

As a result of Defendant's retaliatory actions against Plaintiff, they have suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

80.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

81.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

82.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT IV:  FMLA RETALIATION

83.

Plaintiff re-alleges paragraphs 1-35 as if set forth fully herein.

84.

Defendant is an 'employer' as defined by the FMLA.

85.

Plaintiff was an eligible employee under the FMLA.

86.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding their request for medical leave pursuant to the FMLA.

87.

Plaintiff was employed by Defendant for more than 12 months.

88.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

89.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

90.

Plaintiff had a medical condition that required Plaintiff to take time off work.

91.

Plaintiff had a serious medical condition as defined by the FMLA.

92.

Defendant received notice of Plaintiff's need for protected medical leave for their medical condition on or about September 27, 2020.

93.

Defendant terminated Plaintiff's employment because of their request for medical leave, because they took that medical leave, and to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

94.

Defendant's termination of Plaintiff's employment was causally related to their attempt to exercise their rights to protected medical leave pursuant to the FMLA.

95.

Defendant's termination of Plaintiff's employment constitutes unlawful retaliation against Plaintiff for their attempt to exercise their rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

96.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT V: FMLA INTERFERENCE

97.

Plaintiff re-alleges paragraphs 1-34  and paragraphs 83-96 as if set forth fully herein.

98.

Defendant had a duty to allow the Plaintiff to take medical leave and to return the Plaintiff to his position after his FMLA leave ended.

99.

Instead, Defendant terminated the Plaintiff before his FMLA leave concluded.

100.

Defendant's action of Plaintiff's employment constitutes unlawful interference with Plaintiff's under the FMLA, in violation of 29 U.S.C. §2615(a).

101.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 25th day of August 2022.

**BARRETT & FARAHANY**

s/ *Valorri C. Jones*
Valorri C. Jones
Georgia Bar No. 848714

*Attorney for Robert Russell*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
valorri@justiceatwork.com