UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT RUSSELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIVE STAR QUALITY CARE, LLC d/b/a THE PALMS AT LAKE SPIVEY,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>1:22-CV-03452-JPB |

# ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 16]. This Court finds as follows:

## FACTS AND PROCEDURAL HISTORY

This case arises out of Robert Russell's ("Plaintiff") employment with Five Star Quality Care, LLC ("Defendant"). Plaintiff began working for Defendant on June 17, 2016. As a condition of his employment, Plaintiff signed an Arbitration Agreement whereby he agreed to submit all claims arising from his employment, including those brought pursuant to the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"), to arbitration. Notably, the Arbitration Agreement provided that "[t]he [p]arties acknowledge and agree that

[Defendant] is involved in transactions involving interstate commerce and that the Federal Arbitration Act shall govern any arbitration." [Doc. 16, p. 7].

Defendant terminated Plaintiff's employment on November 27, 2020. According to Plaintiff, Defendant fired him because he was disabled and asked to take FMLA leave. Instead of submitting his claims to arbitration, Plaintiff filed an action in this Court bringing the following claims: (1) disability discrimination in violation of the ADA; (2) failure to accommodate in violation of the ADA; (3) retaliation in violation of the ADA; (4) FMLA retaliation; and (5) FMLA interference.

Defendant filed a Motion to Dismiss, or in the alternative Motion to Stay and Compel Arbitration on November 30, 2022. [Doc. 13]. On January 26, 2023, United States Magistrate Judge Linda T. Walker issued a Final Report and Recommendation in which she recommended granting Defendant's motion. [Doc. 16]. Specifically, the Magistrate Judge determined that dismissal was appropriate because Plaintiff's claims were subject to the Arbitration Agreement. On February 9, 2023, Plaintiff filed objections to the recommendation. [Doc. 18].

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447

U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'" United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## DISCUSSION

Plaintiff raises three different objections to the recommendation: (1) a stay, rather than a dismissal, is the proper course when compelling arbitration; (2) Defendant has failed to show that the Arbitration Agreement is one that involves interstate commerce; and (3) this Court should define "involving commerce" narrowly despite Eleventh Circuit precedent to the contrary. Defendant did not object to the recommendation. Defendant did, however, request attorney's fees pursuant to 28 U.S.C. § 1927 in response to Plaintiff's objections.

1. **<u>Stay vs. Dismissal</u>**

Plaintiff contends that the Magistrate Judge erred by recommending dismissal of this action. In Plaintiff's view, a stay is more appropriate in the event of compelled arbitration.

Section 3 of the Federal Arbitration Act ("FAA") states the following:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. A split of authority exists as to whether courts should dismiss or stay a case where claims are subject to arbitration. <u>Valiente v. Holiday CVS, LLC</u>, No. 20-CV-20382, 2020 WL 2404701, at *1 (S.D. Fla. May 12, 2020) (collecting cases and discussing the split within district courts). Notably, the Eleventh Circuit Court of Appeals has upheld both dismissals and stays pending arbitration. <u>Compare Bender v. A.G. Edwards & Sons, Inc.</u>, 971 F.2d 698, 699 (11th Cir. 1992) (vacating a district court's dismissal of claims subject to arbitration and remanding with instructions to stay) <u>with</u> <u>Samadi v. MBNA Am. Bank, N.A.</u>, 178 F. App'x

4

863, 866 (11th Cir. 2006) (affirming a district court order compelling arbitration and dismissing the underlying claims).

Although the Court does not believe that it was error for the Magistrate Judge to recommend dismissal based on the split of authority explained above, the Court is more comfortable staying this action given the plain language of the FAA. See 9 U.S.C. § 3 (stating that "upon being satisfied that the issue involved . . . is referable to arbitration," courts "shall on application of one of the parties stay the trial" until such arbitration has been completed).  Here, Plaintiff has requested a stay, and the Court has determined that the claims are referable to arbitration. Thus, to the extent that Plaintiff argues that the Court should stay this matter instead of dismissing it, the objection is **SUSTAINED**.

2. **Contract Involving Interstate Commerce**

In his next objection, Plaintiff contends that the Magistrate Judge erred in finding that the Arbitration Agreement is one involving commerce.  As a general rule, arbitration agreements are enforceable under the FAA when the contract evidences "a transaction involving commerce."  9 U.S.C. § 2.  "Involving commerce" has been defined as "the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power."  Caley v. Gulfstream

Aerospace Corp., 428 F.3d 1359, 1370 (11th Cir. 2005).  "The Supreme Court . . . has clarified that 'Congress' Commerce Clause power may be exercised in individual cases without showing any specific effect upon interstate commerce if in the aggregate the economic activity in question would represent a general practice subject to federal control.'"  Id. (quoting Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56-57 (2003)).  In cases involving nursing homes, "courts have found that the 'involving commerce' requirement is met if the nursing home makes out-of-state supply purchases, or if the nursing home has citizenship in one state and services customers in another state, received payments from out-of-state insurance companies, or received funds from federal Medicare and Medicaid programs." Lovelady v. Five Star Quality Care-VA, LLC, No. 4:18-cv18, 2018 WL 3580768, at *8 (E.D. Va. July 25, 2018) (internal citations omitted).

The Court finds that the FAA's broad interstate commerce requirement is satisfied in this case because Plaintiff stipulated, by signing the Arbitration Agreement, that Defendant "is involved in transactions involving interstate commerce and that the [FAA] shall govern any arbitration pursuant to this Agreement." [Doc. 13-2, p. 11]; see Jenkins v. First Am. Cash Advance of Ga., LLC, 400 F.3d 868, 875 (11th Cir. 2005) (holding that the broad interstate commerce requirement was satisfied partly because of express language in the

parties' agreement).  Moreover, even if the Arbitration Agreement did not expressly invoke the FAA, the FAA applies because Plaintiff's former employer, FVE Managers, Inc., is a Maryland corporation with a principal office in Massachusetts that services clients in Georgia.[1]  See Lovelady, 2018 WL 3580768, at *8  (recognizing that citizenship of the corporation in a different location from where customers are serviced indicates that the interstate commerce requirement is satisfied).  In sum, given the national scope and interstate nature of Defendant's business combined with the express language in the Arbitration Agreement, Defendant has met its burden to show that the Arbitration Agreement affects interstate commerce.  To the extent that Plaintiff argues that the Arbitration Agreement does not involve interstate commerce, the objection is **OVERRULED**.

### 3. Extension of Current Law

The FAA applies if the contract involves commerce.  As explained in the preceding section, the Eleventh Circuit has defined "involving commerce" as "the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce

---

[1] This information was obtained from the Secretary of the Commonwealth of Massachusetts' website.  "Courts routinely take judicial notice of factual information found on official governmental agency websites."  Banks v. McIntosh County, 530 F. Supp. 3d 1335, 1347 n.7 (S.D. Ga. 2021).

Clause power." Caley, 428 F.3d at 1370.  In his final objection, Plaintiff asks this Court to reconsider this precedent and narrowly, not broadly, interpret the term "involving commerce."  Specifically, Plaintiff asks the Court to construe the Commerce Clause as it existed when the FAA was passed.

The Court will begin by noting that this objection is not sufficient to trigger *de novo* review of the Magistrate Judge's recommendation.  Instead of objecting to specific findings or conclusions of the Magistrate Judge, Plaintiff cut and pasted this particular argument from his Response to the Motion to Dismiss.  "The Court is not persuaded that this 'umbrella' objection constitutes a specific objection to a discrete finding or conclusion reached by the Magistrate Judge.  Rather it is an implicit invitation to revisit essentially every factual finding and the ultimate legal conclusion reached by the Magistrate Judge." Spencer v. Publix Super Mkts., Inc., No. 1:17-CV-03777, 2019 WL 2004136, at *2 (N.D. Ga. Mar. 21, 2019).

Even though this objection is not proper, the Court will consider and briefly dispose of it.  It is not this Court's role to reconsider binding Eleventh Circuit precedent.  As such, the Court must construe "involving commerce" broadly.  To the extent that Plaintiff argues otherwise, his objection is **OVERRULED**.[2]

---

[2] Indeed, Plaintiff recognized that it would be improper for the Court to reconsider binding precedent.  "Plaintiff does not expect this Court to side with him on this issue; it

8

### 4. Attorney's Fees

In responding to Plaintiff's objections to the Report and Recommendation, Defendant requested attorney's fees pursuant to 28 U.S.C. § 1927. Defendant contends that by unreasonably refusing to submit his claims to arbitration, Plaintiff has so multiplied the proceedings to justify an award of fees.

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Eleventh Circuit has held that to justify an award of sanctions pursuant to § 1927, "something more than a lack of merit is required." Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003). Indeed, "the statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'" Id. (quoting Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993)). Importantly, "'bad faith' is the touchstone," and "[a] determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or

---

would be error for the District Court to do so given Eleventh Circuit precedent." [Doc. 20, p. 4].

engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." Id.

The record in this case fails to support Defendant's assertion that Plaintiff's conduct in this case was tantamount to bad faith that warrants sanctions under § 1927. As such, Defendant's request for attorney's fees is **DENIED**.

## CONCLUSION

After reviewing the entirety of the Final Report and Recommendation and considering Plaintiff's objections, the Final Report and Recommendation [Doc. 16] is **ADOPTED IN PART** as the order of this Court. For the reasons stated by the Magistrate Judge and the reasons stated herein, Defendant's Motion to Dismiss is **DENIED**, and the alternative Motion to Stay and Compel Arbitration is **GRANTED. IT IS HEREBY ORDERED** that this matter is stayed pending the conclusion of arbitration. For docket management purposes, the Clerk is **DIRECTED** to administratively close this case. Administrative closure will not prejudice the parties and either party may move to reopen the case once the arbitration has been completed.

**SO ORDERED** this 25th day of May, 2023.

J. P. BOULEE
United States District Judge